UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X   Case No. 21-cv-135
DAVID FREDDRICK, JR JENKINS and CORDELL
JOHNSON on behalf of themselves and all other similarly    **FLSA COLLECTIVE**
situated individuals,                                       **ACTION CLASS-ACTION**
                                                            **COMPLAINT**

                                   Plaintiff,

                   -against-                                **PLAINTIFF DEMANDS**
                                                            **A TRIAL BY JURY**

SINAI I INC,

                                   Defendants.

------------------------------------------------------------------------X

  Plaintiff, DAVID FREDDRICK, JR JENKINS, and CORDELL JOHNSON, on behalf of

themselves and all other similarly situated individuals, by their attorneys, SEKENDIZ LAW

FIRM P.C., upon information and belief, complains as follows:

## NATURE OF THE CASE

1.  Plaintiffs bring this action charging that Defendant violated the 42 U.S.C. § 1981 , the <u>Fair</u>

    <u>Labor Standards Act of 1938</u>, as amended (29 U.S.C. §201 et seq.), 7(a), ll(c), 15(a)(2)(5),

    16, and 17 of the Fair Labor Standards Act, as amended (29 U.S.C. §§207(a), 211(c),

    215(a)(2)(5), 216, 217), hereinafter "FSLA" or "the Act", to recover his unpaid  overtime;

    under FLSA, 29 U.S.C. § 216(b), collective action,  Rule 23 Class Actions, the New York

    State Human Rights Law, New York State Executive Law §296 et. seq. ("NYSHRL"), and

    the New York City Human Rights Law, Administrative Code § 8-107, et seq.

    ("NYCHRL"),overtime wages, minimum wage violations, and an additional amount as

    liquidated damages, reasonable attorneys' fees and costs, and to remedy violations of state

    common law based upon the pendent jurisdiction of this Court pursuant to Gibb, 38 U.S.

    715 (1966), and 28 U.S.C. §1367; N.Y. Lab. Law§ 2 and 651; N.Y. Lab. Law§ 190 et seq;

NYLL §195(1) and NYLL 195(3); the <u>New York State Human Rights Law</u>, New York State Executive Law §296 *et. seq.* ("NYSHRL"), and the <u>New York City Human Rights Law</u>, Administrative Code § 8-107, *et seq*. ("NYCHRL"), and seeks to recover lost wages, emotional distress, punitive damages, reasonable attorneys' fees and costs as a result of being discriminated against on the basis their race.

## JURISDICTION AND VENUE

2.  Jurisdiction of this Court is proper under 42 U.S.C. § 2000e-5(f)(3), 29 U.S.C. § 626(c), and 28 U.S.C. §§ 1331 and 1343.

3.  The Court has supplemental jurisdiction over the claims of Plaintiff brought under state law pursuant to 28 U.S.C. § 1367.

4.  Jurisdiction of this action is also conferred upon the court by § 16(b) of the FLSA (29 U.S.C. §216 (b)). The Court also has jurisdiction pursuant to 42 U.S.C. §12101 et. Seq.; 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

5.  Jurisdiction is also conferred upon this Court by 28 U.S.C. Sect. 1331; and 28 U.S.C. Sect. 1343. 29 U.S.C. § 216 (b) ("FLSA"), 28 U.S.C. § 1337 (interstate commerce). Supplemental jurisdiction over Plaintiffs' state law claims is conferred by 28 U.S.C. § 1367 (a).

6.  This action involves questions of federal law. 28 U.S.C. § 1331

7.  Venue is proper in this district based upon Defendant's principal place of business within the Eastern District of New York. 28 U.S.C. §1391(b).

8.  The Court has jurisdiction against the defendant under class action pursuant to Fed. R. Civ. P. 23(b) for class-action allegations concerning Plaintiffs' claims of unpaid minimum wages and unpaid overtime wages.

## **PARTIES**

9.  Plaintiff    DAVID FREDDRICK, JR JENKINS, ("JENKINS") is a resident of the County
    of Queens and State of New York.

10. Plaintiff CORDELL JOHNSON ("JOHNSON") is a resident of the County of Kings and
    State of New York.

11. Defendant SINAI I INC., (Hereinafter referred to as "SINAI") is a domestic business
    corporation duly existing pursuant to, and by virtue of, the laws of the State of New York,
    with its principal place of business located at 259 Burnside Avenue Lawrence, New York,
    11559

12. Fema is an individual, who resides in the State of New York.

13. Fema is the owner of "SINAI"

14. Fema was Plaintiff's boss.

15. Fema had authority to fire Plaintiff.

16. Fema had authority to supervise Plaintiff.

17. Fema had authority to demote or promote Plaintiff.

18. Fema had authority to discipline Plaintiff.

19. Fema had authority to determine Plaintiff's rate of pay.

20. Sam is the manager of "SINAI"

21. Sam was Plaintiff's manager.

22. Sam had authority to supervise Plaintiff.

23. Sam had authority to demote and promote Plaintiff.

24. Sam had authority to discipline Plaintiff.

25. Sam had authority to determine Plaintiff's pay rate.

26. Deon is an individual, who resides in the State of New York.

27. Deon was Plaintiff's supervisor.

28. Deon had authority to fire Plaintiff.

29. Deon had authority to demote or promote Plaintiff.

30. Deon had authority to discipline Plaintiff.

31. Deon had authority to determine Plaintiff's rate of pay.

## RULE 23 CLASS ACTION ALLEGATIONS (NEW YORK)

32. Plaintiffs bring the Nineth, Tenth, Eleventh, Thirteenth, and Fourteenth of actions for Relief pursuant to the Fed. R. Civ. P. ("FRCP") Rule 23, to recover unpaid wages, unpaid overtime pay, unpaid spread of hours premiums, and other damages on behalf of all individuals employed in the State of New York by Defendant as ambulette drivers, at any time during the six years prior to the filing of the original Complaint in this case as defined herein (the "Class Period"). All said persons, including Plaintiff, are referred to herein as the "Class Members" and/or the "Class".

33. The precise number of the individuals in the class are known only to the Defendant. The class is believed to include more than fifty (50) individuals. Joinder of all class members is impracticable.

34. There are questions of law and fact common to the class, and the claims of Plaintiffs are typical of the class claims.

35. Defendant has acted or refused to act on grounds generally applicable to the class with respect to the claims set forth in the First and Second Causes of Action, thereby making final

injunctive relief applicable to the class appropriate under Rule 23(b)(2) of the Federal Rules of Civil Procedure.

36. The Plaintiffs will fairly and adequately protect the interests of the class.

37. Common claims predominate over any questions affecting only individual class members.

38. The Plaintiffs' interests in the claims set forth herein are in no way antagonistic or adverse to those of other class members.

39. A class action under Fed. R. Civ. P. 23(b)(3) is superior to other methods of adjudicating the claims that are described herein, based upon the following reasons:

40. Common issues of law and fact, as well as the relatively small claim of each class member, substantially diminishes the interest of members of the class individually controlling the prosecution of separate actions.

41. Many of the class members are unaware of their rights to prosecute these claims and lack the means or resources to secure legal assistance;

42. Upon information and belief, the Defendant reside and/ or maintain their principal place of business in this district.

43. Upon information and belief, the vast majority of the class members reside in this district.

44. Upon information and belief, no class-action was previously certified by the Court before.

45. A class action can be managed without undue difficulty since the Defendants have regularly committed the violations that are complained of herein, and were required to maintain detailed records concerning each member of the class.

46. The questions of law and fact common to the Class predominate over questions are affecting only individual Class Members, including: (a) whether Defendant required Class Members to work uncompensated overtime and failed to adequately compensate the Class Members for

overtime hours worked as required by 12 NYCRR (b) Whether or not defendant paid the employees their minimum wages (c) whether Defendants compensated the Class Members the spread of hours premium as required under the NYLL on workdays that exceeded 10 hours, (d) whether Defendant illegally deducted monies from the Class Members' wages  in violation  of NYLL § 193, and (d) whether Defendants provided Class Members with the notices  required by NYLL § 195(1).

### COLLECTIVE ACTION ALLEGATIONS

47. Plaintiffs bring the Eight and Twelfth Cause of Action for Relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of all persons employed by Defendants at any time as an ambulette drivers, during the three years prior to the filing of the original Complaint in this case as defined herein. All said persons, including Plaintiff, are referred to herein as the "FLSA Collective Plaintiffs"

48. At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs have been similarly situated, have had substantially similar job requirements, job duties and pay provisions, and are and have been subject to Defendant's decision, policy, plan, practice, procedure, routine and rules to willfully fail and refuse to pay them  the legally required overtime premium for all hours worked in excess of forty (40) hours per workweek. The claims of Plaintiff herein are essentially the same as those of the other FLSA Collective Plaintiffs.

49. Other ambulette drivers currently or formerly employed by Defendant should have the opportunity to have their claims for violations of the FLSA heard. Certifying this action as a collective action under the FLSA will provide other ambulette drivers to receive notice of the action and allow them to opt in to such an action if they so choose.

50. The First Claim for Relief is properly brought under and maintained as an opt-in collective action pursuant to §216(b) of the FLSA, 29 U.S.C. 216(b). The FLSA Collective Plaintiffs are readily ascertainable. For purpose of notice and other purposes related to this action, their names and addresses are readily available from Defendants.

51. Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last known addresses known to Defendants.

52. Plaintiff brings the First Cause of action for Relief as a collective action pursuant to the FLSA, 29 U.S.C. § 216(b),

## MATERIAL FACTS CONCERNING PLAINTIFF JENKIN'S UNPAID WAGES AND OVERTIME CLAIMS

53. Plaintiff JENKINS was hired by "SINAI" as an ambulette driver.

54. In or around July of 2018, Plaintiff  JENKINS started working for "SINAI."

55. Plaintiff JENKINS continued working for 'SINAI" until approximately December of 2018. The defendant fired Plaintiff in or around December of 2018 because he complained of race discrimination and rehired him in or around June of 2019. Plaintiff was constructively discharged from his position in December of 2019.

56. Plaintiff JENKINS was advised that his hourly rate was $15.00 an hour. However, upon information and belief, defendant did not pay Plaintiff $15.00 an hour.

57. Plaintiff JENKINS was never provided with copies of his wage statements or pay stubs.

58. Plaintiff JENKINS worked approximately from 5:00AM to 8:00PM six (6) days a week.

59. In the alternative, Plaintiff claims that he approximately worked from 6:00AM to 8:00PM six (6) days a week.

60. Plaintiff JENKINS had to woke up around 4:00am in the morning and leave his house

around 5:00am to be at the patients' doorsteps at around 6:00AM.

61. During his employment with the defendant, Plaintiff JENKINS would drop the last patient at the patient's house around 8:00PM then he would start heading home.

62. Defendant never paid Plaintiff JENKINS until when the patients signed into the defendant's system via a "tablet' which was located in the defendant's vans. More specifically, if Plaintiff arrived at the patient's house at 6:00AM and the patient would not come out until 7:00AM, the defendant would not pay Plaintiff. If the patient never came out or that the defendant's dispatcher directed Plaintiff to an address, which was inaccurate, Plaintiff was not paid for his time at all.

63. Upon information and belief, Defendant "SINAI" employed the policy and practice of disguising Plaintiff's actual hours worked in payroll records to dodge their obligations to pay Plaintiff his earned overtime compensation.

64. No notification, either in the form of posted notices, or other means, was given to Plaintiff regarding overtime and wages under the FLSA and NYLL.

65. Plaintiff was not required to keep track of his time, nor to his knowledge, did the Defendant utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

66. Defendant did not provide Plaintiff with any document or other statement accounting for his actual hours worked or setting forth the rate of pay for all of his hours worked for the overtime hours Plaintiff worked.

### MATERIAL FACTS CONCERNING PLAINTIFF JOHNSON'S UNPAID WAGES AND OVERTIME CLAIMS

67. Plaintiff JOHNSON was hired by "SINAI" as an ambulette driver.

68. In or around July of 2017, Plaintiff  JOHNSON started working for "SINAI."

69. Plaintiff JOHNSON'S employment with the defendant ended in or around March of 2019.

70. Plaintiff was advised his hourly rate was going to be $15.00 an hour but upon information and belief he was paid $11.00 an hour.

71. Plaintiff JOHNSON was not provided with copies of his wage statements or pay stubs. Upon information and belief, the defendant provided Plaintiff with a wage statement in the beginning of his employment and stopped providing wage statements shortly thereafter.

72. Plaintiff JOHNSON worked approximately from 6:00AM to 4:00PM-5:00PM six (6) days a week.

73. During his employment with the defendants, approximately three (3) times a week, Plaintiff JOHNSON, was required to pick up defendant's dispatchers from their homes and transport them to the base prior to starting his shift. Plaintiff JOHNSON spent approximately two (2) to three (3) hours per day to pick up the dispatchers from their homes to drive them to the base prior to starting his shift. The defendant never paid Plaintiff JOHNSON for picking up its dispatchers from their homes transporting them to the base.

74. During his employment with the defendant, Plaintiff JENKINS would drop the last patient at the patient's house around 4:00PM to 5:00PM then he would start going to gas station to fill up and to clean the vehicle to prepare the vehicle for the next date, which amounted to an additional hour.

75. Defendant never paid Plaintiff JOHNSON until when the patients signed into the defendant's system via a "tablet" which was located in the defendant's vans. More specifically, if Plaintiff arrived at the patient's house at 6:00AM and the patient would not come out until 7:00AM, the defendant would not pay Plaintiff. If the patient never came out or that the defendant's dispatcher directed Plaintiff to an address, which was inaccurate, Plaintiff was not paid for

his time at all.

76. Upon information and belief, Defendant "SINAI" employed the policy and practice of disguising Plaintiff's actual hours worked in payroll records to dodge their obligations to pay Plaintiff his earned overtime compensation.

77. No notification, either in the form of posted notices, or other means, was given to Plaintiff regarding overtime and wages under the FLSA and NYLL.

78. Plaintiff was not required to keep track of his time, nor to his knowledge, did the Defendant utilize any time tracking device such as punch cards, that accurately reflected his actual hours worked.

79. Defendant did not provide Plaintiff with any document or other statement accounting for his actual hours worked or setting forth the rate of pay for all of his hours worked for the overtime hours Plaintiff worked.

80. Plaintiff JENKINS and JOHNSON now bring this action on behalf of themselves and all other similarly situated individuals to recover damages, including but not limited to, overtime premiums, liquidated damages, interest, attorneys' fees and costs pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. §§ 201 et seq. ("FLSA"), 29 U.S.C. §207 NYCRR Labor Section 138 et seq. Title 12 NYCRR 142-2.2. N.Y. Lab. Law§ 190 et seq. N.Y. Lab. Law§ 663. NYLL §195(1) and Title 12 NYCRR 142) (Spread of Hours)

81. Defendant "SINAI" willfully violated Fair Labor Standards Act of 1938, as amended (29 U.S.C. §201 et seq.),

82. As a result of the above Plaintiff has been damaged in an amount in excess of the jurisdiction of all lower courts.

83. As Defendant "SINAI" conduct has been willful, outrageous, done with full knowledge of the

law, and malicious, Plaintiff also demands punitive damages against Defendants.

84. Defendant "SINAI" never properly paid Plaintiff for any overtime hours worked.

85. Defendant "SINAI's'" actions created an environment that no reasonable person would tolerate.

86. Defendant "SINAI" violated the FLSA by not paying Plaintiff for overtime work as required by the Act.

87. Defendant "SINAI" violated the laws of the State of New York by not paying Plaintiff for overtime work as required by the laws of the State of New York.

88. Plaintiffs were not a cab drivers.

89. Plaintiffs were not an exempt employees under FLSA.

90. Plaintiffs were not an exempt employees under New York Labor laws.

## MATERIAL FACTS CONCERNING PLAINTIFF JENKIN'S RACE DISCRIMINATION CLAIMS

91. Plaintiff JENKINS is black.

92. Plaintiff JENKINS  is U.S. Citizen.

93. Plaintiff JENKINS qualified for the position.

94. Plaintiff JENKINS started working for 'SINAI' around July of 2018.

95. From the beginning of Plaintiff JENKIN'S employment up until his termination Deon, the dispatcher and the supervisor for the drivers, few times a week referred to Plaintiff as "Nigga" and "Nigger"

96. During the times, when Plaintiff was in the office, Fema, Plaintiff's boss and Sam, ,the defendant's manager,  would witness racist slurs and he would laugh or stay quiet.

97. In or around December of, 2018 Plaintiff had an argument with his supervisor Deon. More, specifically Plaintiff asked his supervisor to stop making derogatory comments about his race

and his supervisor fired Plaintiff indicating "We will never hire your black ass here ever again"

98. Defendant called Plaintiff back to work in or around June of 2019.

99. From approximately June of 2019 to December of 2019, despite Plaintiff's objections, Deon kept calling Plaintiff a "Nigga", "Nigger" approximately two to three times a week.

100. In or around the summer of 2019, a patient, whom Plaintiff picked up called Plaintiff a 'Nigger" during the trip approximately three (3) times using profane derogatory language. Plaintiff complained to Sam, his manager and Sam laughed at Plaintiff and did not take any precautions to prevent any future potential racism.

101. In or around December of 2019 Plaintiff complained to Sam indicating that there was too much racism at the workplace and that the defendant had to do something about the racism. Sam told Plaintiff "David, this is not your company. If you do not like working here you can just leave" and the Plaintiff left the company.

## MATERIAL FACTS CONCERNING PLAINTIFF JOHNSON'S RACE DISCRIMINATION CLAIMS

102. Plaintiff JOHNSON is black.

103. Plaintiff JOHNSON is U.S. Citizen.

104. Plaintiff qualified for the position.

105. Plaintiff started working for 'SINAI" around July of 2017.

106. From the beginning of Plaintiff's employment up until March 2019, Plaintiff JOHNSON'S supervisor Deon called him "Nigga", "Nigger" and/or "Coon" approximately two to three times a week.

107. During the times, when Plaintiff was in the office, Fema, Plaintiff's boss and Sam, ,the defendant's manager  would witness racist slurs and he would laugh or stay quiet and the Plaintiff JOHNSON's objections fell on deaf ears.

108. Plaintiff's performance was, upon information and belief, above average during the course of his employment with Defendant.

109. Defendant conducted pattern and practice of race discrimination.

110. Plaintiffs have been unlawfully discriminated against, humiliated, and degraded, and as a result, suffers loss of rights, emotional distress, loss of income and earnings.

111. Defendant's actions and conduct were intentional and intended to harm Plaintiffs.

112. As a result of Defendants' actions, Plaintiffs feel extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

113. As a result of the Defendants' discriminatory treatment of Plaintiffs have suffered severe emotional distress and physical ailments.

114. As a result of the acts and conduct complained of herein, Plaintiffs have suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

115. As a result of the above, Plaintiffs have been damaged in an amount in excess of the jurisdiction of the Court.

116. Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law.  As such, Plaintiffs demands Punitive Damages as against the defendant.

## AS A FIRST CAUSE OF ACTION FOR DISCRIMINATION UNDER 42 U.S.C. SECTION 1981

117. Plaintiffs repeat and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

"42 USC Section 1981 states in relevant part as follows: (a) Statement of equal rights: All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other."(b) "Make and enforce contracts" defined For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship. 42 U.S.C.A. § 1981

118. Plaintiff JENKINS and JOHNSON are Black and they were discriminated against because of their race as provided under 42 USC Section 1981 and have suffered damages as set forth herein.

119. Defendant "SINAI" violated this section by discriminating discrimination against Plaintiff JENKINS and JOHNSON because they are Black.

## AS A SECOND CAUSE OF ACTION FOR DISCRIMINATION UNDER 42 U.S.C. SECTION 1981 BY JENKINS ONLY

120. Plaintiffs repeat and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

121. 42 USC Section 1981  prohibits employers from retaliation because the employee opposed to unlawful practices of the defendants.

122. In CBOCS *West, Inc. v. Humphries,* the United States Supreme Court held that Section 1981 also authorizes employees to sue when they are subjected to retaliation after complaining about race discrimination.

123. The defendant violated this section.

## AS A THIRD CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

124. Plaintiffs repeat, reiterates and realleges each and every allegation made in the above

14

paragraphs of this Complaint as if more fully set forth herein at length.

125. The Administrative Code of City of NY § 8-107 [1] provides that, "It shall be an unlawful discriminatory practice: (a) For an employer or an employee or agent thereof, because of the actual or perceived age, **race,** creed, color, national origin, gender, <u>disability</u>, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or **to discharge from employment** such person or to **discriminate against** such person in compensation or in terms, conditions or privileges of employment."

126. Defendant "LIFECARE" violated the section cited herein as set forth.

### <u>AS A FOURTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE BY JENKINS ONLY</u>

127. Plaintiffs repeat and realleges each and every allegation made in the above paragraphs of this complaint.

128. The New York City Administrative Code Title 8, §8-107(7) provides that it shall be unlawful discriminatory practice:

"'It shall be an unlawful discriminatory practice for any person engaged in any activity to which this chapter applies to retaliate or discriminate in any manner against any person because such person has (i) opposed any practice forbidden under this chapter, (ii) filed a complaint, testified or assisted in any proceeding under this chapter (iii) ……."

129. Defendant LIFECARE engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(7) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer. More specifically, defendant sent Plaintiff to addresses and locations, which did not exist and transferred him to another company.

130. Defendant violated this section.

## AS A FIFTY CAUSE OF ACTION FOR DISCRIMINATION
## UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

131. Plaintiff repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

132. New York City Administrative Code Title 8-107(13) **Employer liability** for discriminatory conduct by employee, agent or independent contractor.

    a.    An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

    b.    An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

        i.    the employee or agent exercised managerial or supervisory responsibility; or

        ii.    the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

        iii.    the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence

to prevent such discriminatory conduct.

c.    An employer shall be liable for an unlawful discriminatory practice committed by a person employed as an independent contractor, other than an agent of such employer, to carry out work in furtherance of the employer's business enterprise only where such discriminatory conduct was committed in the course of such employment and the employer had actual knowledge of and acquiesced in such conduct.

133. Defendant "SINAI" violated the section cited herein as set forth.

**AS SIXTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER STATE LAW**

134. Plaintiffs repeats, reiterates and realleges each and every allegation made in the above paragraphs of this Complaint as if more fully set forth herein at length.

135. Executive Law § 296 provides that, "1. It shall be an unlawful discriminatory practice: (a) For an employer or licensing agency, because of the age, **race,** creed, color, national origin, sex, or disability, or marital status of any individual, to refuse to hire or employ or to bar or **to discharge from employment** such individual or to **discriminate against such individual** in compensation or in terms, conditions or privileges of employment."

136. Defendant "SINAI" engaged in an unlawful discriminatory practice by discriminating against Plaintiffs solely due to their race.

**AS A SEVENTH CAUSE OF ACTION FOR DISCRIMINATION UNDER STATE**
**LAW BY JENKINS ONLY**

137. Plaintiffs repeat and realleges each and every allegation made in the above paragraphs of this complaint.

138. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory

practice:" For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

139. Defendant engaged in an unlawful discriminatory practice by failing to hire, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of defendants.

140. Defendant violated this section.

**AS AN EIGHT CAUSE OF ACTION**
**FOR VIOLATIONS UNDER THE FAIR LABOR STANDARDS ACT**
**(FLSA COLLECTIVE ACTION-UNPAID OVERTIME)**

86.  Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

87.  Defendants willfully employed Plaintiffs in the afore-mentioned enterprise for work weeks longer than 40 hours and failed to properly compensate Plaintiff and class members for their employment in excess of forty (40) hours per week at a rate of at least one and one-half times the rate at which they were employed.

88.  Defendant's failure to pay Plaintiff overtime pay in accordance with the Act, was a direct violation of the Act, specifically 29 U.S.C. §207.

89.  As a result of the underpayment of wages alleged in this Complaint, Plaintiffs have been damaged in at least an amount equal to such underpayment of wages, and Defendants are therefore indebted to Plaintiff for back wages.

90.  Defendant SINAI willfully violated the Act.

91.  Plaintiff, on behalf of himself and the FLSA Collective Plaintiffs, seek: damages in the amount of their respective unpaid overtime compensation, liquidated (double) damages as

provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### AS A NINETH CAUSE OF ACTION
### VIOLATION OF NEW YORK WAGE AND HOUR LAW and VIOLATION OF Title 12 NYCRR Section 142-2.2, OVERTIME RATE (RULE 23 CLASS ACTION-SPREAD OF HOURS)

92.    Plaintiffs repeat and reallege each and every allegation made in the above paragraphs of this complaint as if same were set forth herein fully at length.

93.    Plaintiffs were an employee of Defendant within the meaning of New York Wage Regulations, Specifically NYCRR Labor Section 138 et seq.

94.    Defendant failed to properly pay Plaintiffs a premium for hours worked in excess of 40 hours per week.

95.    Defendant violated Plaintiffs' rights to overtime pay under Title 12 NYCRR 142-2.2.

96.    Defendant also failed to pay Plaintiffs a premium/additional amount for hours worked in excess of 10 hours per day.

97.    Under New York State law, an employee is entitled to an extra hour's wages for any day when the employee's "spread of hours" exceeds 10 hours (12 NYCRR § 142-2.4).

98.    Defendants also violated New York's Labor law including but not limited to Labor Law 12 NYCRR § 142-2; §§ 198, 162, 663 et seq.

99.    On account of such violations, Defendant is liable to Plaintiffs for actual, statutory and liquidated damages.

100.    Plaintiffs, on behalf of himself and class action members, seek: damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the New York labor law for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## AS A TENTH CAUSE OF ACTION FOR VIOLATION OF THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW (RULE 23 CLASS ACTION- OVERTIME)

101.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

102.   Defendant willfully failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of forty hours in a workweek, in violation of N.Y. Lab. Law§ 190 et seq. and regulations of the New York State Department of Labor.

103.   Defendant SINAI failed to pay Plaintiffs in a timely fashion, as required by Article 6 of the New York Labor Law.

104.   Defendant SINAI's failure to pay Plaintiffs overtime compensation was willful within the meaning of N.Y. Lab. Law§ 663.

105.   Plaintiffs, on behalf of himself and class action members, seek: damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the New York labor law for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## AS AN ELEVENTH VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW (RULE 23 CLASS ACTION)

106.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

107.   Defendant SINAI failed to provide Plaintiffs with a written notice, in English, concerning overtime pay rate and such other information as required by NYLL §195(1).

108.   Defendant SINAI failed to keep Plaintiffs timekeeping records.

109.   Defendant SINAI failed to keep Plaintiffs' timekeeping records properly.

110.   Defendant is liable to Plaintiff in the amount of $5,000.00 each together with costs and attorney's fees.

111.   Plaintiffs, on behalf of himself and class action members, seek: damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by the New York labor law for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### TWELVTH CAUSE OF ACTION FOR VIOLATIONS OF MINIMUM WAGE PROVISIONS UNDER THE FAIR LABOR STANDARDS ACT (FLSA COLLECTIVE ACTION-MINIMUM WAGE)

112.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

113.   At all relevant times, Defendant was Plaintiffs' employer within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (d).

114.   At all relevant times, Defendant was engaged in commerce or in an industry or activity affecting commerce.

115.   Defendant constitutes an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r).

116.   Defendant intentionally failed to pay Plaintiffs at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206 (a).

117.   Defendant's failure to pay Plaintiffs at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255 (a).

118.   Plaintiffs have been damaged in an amount to be determined at trial.

119.   Plaintiffs, on behalf of himself and class action members, seek: damages in the amount of their respective unpaid compensation, liquidated (double) damages as provided by FLSA  for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

### THIRTEENTH CAUSE OF ACTION FOR VIOLATION OF NEW YORK MINIMUM WAGE ACT (RULE 23 CLASS ACTION-MINIMUM WAGE)

120.   Plaintiffs repeat and reallege all paragraphs above as though fully set forth herein.

121.   At all relevant times, Defendant was Plaintiff's employers within the meaning of the N.Y. Lab. Law§§ 2 and 651.

122.   Defendant willfully failed to pay Plaintiff at the applicable minimum hourly rate, in violation of the New York Minimum Wage Act and regulations.

123.   Defendant failed to pay Plaintiffs in a timely fashion, as required by Article 6 of the New York Labor Law.

124.   Defendant's failure to pay Plaintiff's minimum wage was willful within the meaning of N.Y. Lab. Law§ 663.

125.   Plaintiffs have been damaged in an amount to be determined at trial.

126.   Plaintiffs, on behalf of himself and class action members, seek: damages in the amount of their respective unpaid compensation, minimum wages, liquidated (double) damages as provided by the New York labor law for overtime violations, attorneys' fees and costs, and such other legal and equitable relief as this Court deems just and proper.

## FOURTEENTH CAUSE OF ACTION VIOLATION OF THE WAGE THEFT PROVISIONS OF THE NEW YORK LABOR LAW (RULE 23 CLASS ACTION)

127.   Plaintiffs repeat and reallege all paragraphs above as though set forth fully herein.

128.   Defendants violated NYLL § 195(1) by failing to furnish Plaintiffs and the Rule 23 Class, at the time of hiring and on or before February 1st of each subsequent year of employment (when applicable), with a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the regular pay day designed by the employer in accordance with NYLL § 191; the name of the employer; any "doing

business as" names used by the employer; the physical address of the employer's main office of principal place of business, and a mailing address if different; the telephone number of the employer; and anything otherwise required by law. The defendant proceeded to pay Plaintiffs via direct deposits without providing wage statements.

129.  Due to Defendant's violations of NYLL§ 195(1), Plaintiff and the Ruler 23 Class are entitled to statutory penalties of $50.00 for each workday that Defendants failed to provide wage notices, up to a maximum of $5,000 each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided by NYLL § 198(1-b).

130.  Defendant violated  NYLL § 195(3) by failing to furnish Plaintiff and the Rule 23 Class with each payment of wages and accurate statement listing the dates of work covered by that payment or wages; name of employee; name of employer; address and phone number of employer; rate of rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages, deductions, allowances, if any, claimed as part of the minimum wage; and net wages.

131.  Through their failure to provide Plaintiffs and the Rule 23 Class with wage statements as required by the NYLL, Defendant has violated NYLL § 190, et seq., and the supporting New York State Department of Labor Regulations.

132.  Due to Defendant's violation of NYLL § 195(3), Plaintiff and the Rule 23 Class are entitled to statutory penalties of $250.00 for each workweek that Defendants failed to provide them with accurate wage statements, or a total of $5,000 each, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NYLL § 198(1-d).

## JURY DEMAND

132. Plaintiff demands a trial by jury.

　　　**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A.　Declaring that the Defendants engaged in unlawful employment practices prohibited by the FLSA, NYCRR, NYLL, the NYSHRL, and the NYCHRL, by discriminating against Plaintiffs on the basis of race and for failing to pay Plaintiffs' due overtime wages, spread of hours as well as minimum wages;

B.　Designation of this action as a collective action on behalf of the FLSA Collective Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

C.　Certification of this action as a class action;

D.　Designation of the Named Plaintiffs as a Representative of the FLSA Collective Plaintiffs and a class representative of the Class

E.　Awarding damages to Plaintiffs, retroactive to the date of his discharge for all lost wages and benefits resulting from Defendant's unlawful transfer of his employment and to otherwise make him whole for any losses suffered as a result of such unlawful employment practice;

F.　Awarding Plaintiffs compensatory damages for mental, emotional distress, pain and suffering and injury to his reputation in an amount to be proven;

G.　Awarding Plaintiff punitive damages;

H.　Awarding Plaintiffs attorneys' fees, costs, and expenses incurred in the prosecution of the action;

I.   Declaring that Defendant has violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff.

J.   Declaring that Defendant  has violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff's and the FLSA compensation, hours, wages, and any deductions or credits taken against wages;

K.   Declaring that Defendant's violations of the provisions of the FLSA were willful as to Plaintiff.

L.   Awarding Plaintiffs damages for the amount of unpaid overtime wages, spread of hours, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

M.   Awarding Plaintiff and the FLSA liquidated damages in an amount equal to 100% of their damages for the amount of unpaid overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

N.   Declaring that Defendant has violated the overtime wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff;

O.   Declaring that Defendant has violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff;

P.   Declaring that Defendant has violated the recordkeeping requirements of the NYLL with respect to Plaintiffs' compensation, hours, wages; and any deductions or credits taken against wages;

Q.   Declaring that Defendant  violated of the New York Labor Law and Spread of Hours Wage Order were willful as to Plaintiff;

R. Awarding Plaintiffs damages for the amount of unpaid overtime wages, damages for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL as applicable;

S. Awarding Plaintiffs liquidated damages in an amount equal to one hundred percent (100%) of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL § 663 as applicable;

T. Awarding Plaintiffs pre-judgment and post- judgment interest as applicable;

U. Awarding Plaintiffs, the expenses incurred in this action, including costs and attorney's fees;

V. Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

W. All such other and further relief as the Court deems just and proper

X. Awarding Plaintiffs such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

Dated: New York, New York
       1/11/2021

                                        **SEKENDIZ LAW GROUP P.C.,**
                                        **ATTORNEYS AT LAW**

                            By:    ___s/Ismail S. Sekendiz/____
                                   Ismail S. Sekendiz, Esq. (IS-0509)
                                   *Attorneys for Plaintiff*
                                   45 Broadway Suite: 1420
                                   New York, New York 10006
                                   (212) 380-8087
                                   Email: isinan@hotmail.com